**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

PR Blu Ltd,

PLAINTIFF(S)

v.

Saider Juliana Gomez Villa and Michael Estrada,

DEFENDANT(S)

CASE NUMBER

2:26-cv-07512-SVW-AYP

**ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE)**

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☐ is not able to pay the filing fees. ☐ is able to pay the filing fees.

☒ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing: The first-page declaration is completed by Defendant Saider Juliana Gomez Villa, but the Request is signed by Defendant Michael Estrada. Dkt. 2. Accordingly, it is an improper joint Request. *See Esteghlalian v. Dep't of the Navy*, 2022 WL 757437, at *1 (S.D. Cal. Feb. 24, 2022) ("if multiple plaintiffs seek to proceed [IFP], each plaintiff must qualify for IFP status" (internal quotation marks and citation omitted)); *McClain v. SBC Sheriff's Dep't*, 2018 WL 3105248, at *1 (C.D. Cal. June 21, 2018) ("Each person wishing to raise claims in [an] action must either pay the filing fees or submit a request to proceed IFP.").

**IT IS ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

- ☒ The District Court lacks ☒ subject matter jurisdiction ☒ removal jurisdiction.
- ☐ The action is frivolous or malicious.
- ☐ The action fails to state a claim upon which relief may be granted.
- ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☐ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☐ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☒ This case is REMANDED to state court as explained in the attached statement.

October 27, 2026
Date

[signature]
United States District Judge

Michael Estrada, who indicates he is a Defendant in Los Angeles Superior Court action No. 26SMUD00147, has filed a Notice of Removal of that case to this Court along with an improper joint request to proceed *in forma pauperis* ("Request").

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction over matters only authorized by the Constitution and Congress. *Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v.* Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, Defendant bears the burden of demonstrating that removal is proper. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co*., 846 F.2d 1190, 1195 (9th Cir. 1988).

Defendant has not met his burden. The underlying complaint alleges a routine claim for unlawful detainer under state law (Dkt. 1 at 1, 7-10). *See Bank of Am., Nat'l Ass'n v. German*, 2019 WL 2353630, at *2 (S.D. Cal. June 4, 2019) ("Because this complaint contains only a state unlawful detainer action, no federal question is presented."); *Cooper v. Washington Mut. Bank*, 2003 WL 1563999, *2 (N.D. Cal. Mar. 19, 2003) ("An unlawful detainer action does not raise a question arising under federal law and so, once removed, must be remanded for lack of jurisdiction."). Further, Defendant's reliance on purported violations of the Protecting Tenants at Foreclosure Act ("PTFA") (*see* Dkt. 1 at 1-5), does not establish the existence of a federal question because the alleged violations, at most, are potential grounds for asserting defenses or counterclaims to Plaintiff's claim. *See ARCO Envtl. Remediation, L.L.C. v. Dept. of Health and Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000) ("[T]he existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims."); *Felder v. Novikoff*, 2023 WL 2330398, at *1 (C.D. Cal. Mar. 2, 2023) ("The PFTA is at most a defense to the unlawful detainer action, and thus does not confer subject matter jurisdiction."). Accordingly, there is no federal question presented by this action.

For the foregoing reasons, this Court lacks jurisdiction over this case. Accordingly, the Request is **DENIED** (Dkt. 2), and this action is **REMANDED** to the Los Angeles County Superior Court. *See* 28 U.S.C § 1447(c).

(*attach additional pages if necessary*)